Air Force Base in New York City, New York  Good morning, Your Honors. May it please the Court. The MSPB applied the correct legal standards and substantial evidence supports their decision to dismiss all three claims. With respect to the discrimination claim, the MSPB found that the Air Force would not have promoted Mr. Hayden into a GS-12 position regardless of his absence, regardless of any discriminatory animus. Right, but the only thing that they relied on with respect to the discrimination claim was the need for the desk audit, right? No, Your Honor. Respectfully, they also, well there's two time periods to look at. First, prior from March 2012 to July 2012, there was the fact that even if there had been the upgrade had been processed in that time, they decided to go forward with reclassifying the position, then there would have to be competition and there would have to be competition. There were these surplus employees and the Board does in fact cite to that information in its section about discrimination and that's on page JA. But what was the government's burden with respect to that? Just to show that there would have to have been competition or that he would not have survived? The government's burden is to show by a preponderance of the evidence that Mr. Hayden would not have received this and because there was this mandatory priority placement, there was a surplus GS-12 employee who had priority over Mr. Hayden in any competition, that was sufficient to establish... Did that employee ever get a promotion to a 12? No, she did receive a GS-12 position in 2014 after the Board's decision. You mentioned March 2012, that's when you're saying that competition arose? No, March 2012 is when the upgrade request gets submitted. Can you give us a timeline of when the competition arose? Absolutely. In November 2011 is when BFlight lost its two GS-12 positions and those employees became surplus. One of those was surplus throughout the entire period of this appeal. I don't see a finding by the Board, other than the fact of competition that's referenced, saying that the government established that the other employee necessarily would have been chosen over Mr. Hayden. The Board does not state it as forcefully as perhaps the Air Force would have liked, but the Board does state that even if the upgrade position were to be submitted, and fulfilled competitively, the GS-12 employees would have had internal priority over the appellant. My problem with the desk audit is that I don't understand how you get around Erickson. This is dead on with Erickson. The only reason he can't be there for an in-person desk audit is because he's on military leave. We said in Erickson that even if you would hold absence against any other employee, you can't hold it against a military employee. This actually segues to that second time period. At the time, the Air Force determined, we are going to do this desk audit when you return. On page JA-323, there's a line that says that we will perform a desk audit when he returns. And then as the MSPB cited on JA-324, there's an email from his supervisor saying we'll re-engage when you return. So at that time, there was an attempt to process this through the desk audit when he returned. But in July 2012, the A-flight where Mr. Hayden worked lost its additional protocol duties. I get that, but I don't understand why in March 2012 that they had the right to discretionarily hold it. In other words, to not conduct the desk audit in the way that could have been done with his supervisor or to do it by phone or to conclude that in this particular instance, a desk audit was not necessary given the recommendations of his supervisor. In other words, that decision in and of itself to me seems dead on with what we said in Erickson. I mean, we said in Erickson repeatedly, you cannot treat military employees the same way that you treat non-military employees. So the mere fact that she preferred usually to do this in person doesn't mean that she had the right to impose that preference on a military employee. So, Your Honor, our position is that Erickson is about discriminating for the fact of the leave. So just because you could discriminate against someone for leave that's not military, you can't discriminate it when it is military leave. Here, there are downstream effects of that military leave, saying we're going to conduct this audit later, when you're available. It's our position that it's not discrimination. But even if this Court disagrees with that, the Board's decision is not discriminatory. The Board's decision still does say there was discriminatory animus. In its discussion of discriminatory animus, lists that there was not a good explanation for why the desk audit was not completed when he returned. That there was discriminatory animus. But the Board found, and substantial evidence supports its finding, that even if the desk audit had gone through, he still would not have received the GS-12 position because of the surplus employees, or they might have decided not to create the GS-12 position. And certainly after July 2012, there was no longer any need for a GS-12 position. And the Board found that the Air Force had sufficiently established that those valid reasons were sufficient to overcome its burden of proof. Turning to the re-employment, actually, before I do that, I wanted to clarify just one thing. Mr. Hayden argues that he should not have had to have competition, and that Rule 19 would have applied. This is in the Air Force Manual 36-203, Table 2.1, which the parties have discussed, at length, in their briefs. Rule 19 is about if there is an error in the classification, in the job description as written, it's incorrectly classified. And there's no evidence that anyone has argued that that was what happened, that when Mr. Hayden received the GS-11 position in 2010, it should have actually been a GS-12. What are we to make of the fact that he's gotten the 12 job now? Yes, Your Honor, that is another thing I wanted to clarify. He received a GS-12 position not for a position upgrade, but because someone in B-flight left. He competed for that job, there was competition, and he received it. And the reason, again, that he was able to receive it was the surplus GS-12 employees had already gotten other GS-12 positions prior to his competition. The thing that's troubling me in the record is that the reference to competition still, I understand that someone has a priority, but they still have to be similarly situated in all other respects. So the fact that, again, the Board never makes a finding that this other employee necessarily would have been chosen. So, Genera Hayden, and there is evidence in the record, was a GS-12 protocol specialist, the same type of role that Mr. Hayden had, and had herself very good employment history, and had excellent performance reports, and that's in the record at JA-260, and the pages just thereafter. So you are correct that the Board never specifically states that this person would have received this job. The Board instead, and this is a little more clear in the re-employment discussion, says, well, we're not sure if they even would have eventually decided to have a GS-12 position, maybe it wouldn't have been processed by July 2012. But the Board's decision shows that the Board determined that the Air Force, by a preponderance of the evidence, had showed that Mr. Hayden would not have gotten this job, that there were other employees with priority over him, there was another GS-11 employee, there was also an issue of whether it would have even gone through at all, and all of that together... But that issue wasn't as of March? Not as of March, but as of July 2012. So whether it had gone through at all was later. Right, but if the position, and Your Honor previously was asking counsel, and it is a lack in the record, there is no evidence on the record that I'm aware of that discusses how long these upgrades usually take, but the Board does say that it's unclear whether it would have processed it even if it had gone forward. Right, but unclear whether it would have been processed doesn't help the Air Force when the Air Force has the burden in the discrimination claim. Not if the Air Force had to establish that this particular way is how he would have not gotten the job. The point is that whether they decided not to upgrade the position, whether it didn't get upgraded before July 2012, and circumstances changed, or whether there was this need for competition, and there was another protocol specialist who had mandatory placement priority over him, all of those together, the Board determined that is sufficient to establish by a preponderance of the evidence that he would not have gotten this position, and that is substantial evidence to support that finding. Now it's like speculative evidence. I mean, I think the government's burden would be to establish that he would not have gotten it. Not to say, well, there's a lot of factors and we can't tell. It's your burden. It's not his burden. Respectfully, Your Honor, I don't believe it's speculative. It's saying any of these paths leads to Mr. Hayden not getting it. Right, but that assumes that we're not talking about March 2012. Because again, even if they had determined to do away with the desk audit or do the desk audit with the supervisor, there would have had to be a competition that's described by Rules 20 and 21, and there were employees who had priority over him who had excellent histories and were protocol specialists. There's no reason to believe... Not multiple employees, just one, right? At the beginning, there were two, and then I apologize, Your Honor, I'm not sure exactly when the second one got the job. At some point during this period, there was only one. So as of March 2012, which is, I think, the time frame we should be looking at, since that's the time before he left, you're saying there were two. I thought you had said there was one. There was one the entire period from March 2012 to after 2013. I confess I'm not sure exactly when the second one stopped being a surplus employee and got another GS-12 position. I believe it was after March 2012, but I confess I do not have a citation. So at least one at any given time. The finding by the MSPB talks about two GS-12 employees and says the GS-12 employees from B-Flight, and that's on JA-11. So it's talking about both of them there. So whether there's one or two doesn't really matter because there would be someone with priority to get this position, a protocol specialist with GS-12, to get a GS-12 protocol specialist position before Mr. Hayden would be able to get it. Turning quickly then to the reemployment claim, we've talked largely about what would be considered the reasonably certain. We've discussed that it's very similar to the discrimination except for a different burden of proof. But I wanted to briefly touch on whether the promotion is a generally granted advantage to all employees. The board found that there was no evidence that this type of promotion, creating a new position, would be generally granted to all employees. This isn't like a career ladder promotion where you have a job that says eventually you can get to GS-12. This was having to create a new position. It is discretionary, but it is not discretionary and generally granted to all employees. It is specifically created in very specific circumstances. But what's recommended, it's 90 out of 100 get it, right? There is evidence on the record that Ms. Chambers testified, Mr. Hayden's supervisor, that when she recommended things they generally went through. However, there isn't evidence that there's normally what would happen when there's a surplus employee and things change in the midst of the process. There's very little evidence about whether that is a usual circumstance and what would happen usually in that circumstance. Again, that just gets you further and further away from the generally granted to all employees situation. If you said that something that requires competition is a generally granted promotion to all employees, that gets you to this very strange situation. Mr. Hayden is suggesting that you have to just look at the person's work history and then say, oh, well, they have good past records and then it's reasonably certain they would get this promotion, even if it had to be competed. I see my time is out. I would like to just very briefly touch on retaliation with your honors. Very briefly? Very briefly, yes, your honor. I just want to mention that it is important to look only post-2013 for evidence of discrimination based on the seeking the USERRA rights. And the board determined that because of the change in circumstance, there was evidence that they wouldn't have created this GS-12 position in 2013 and later. We respectfully request that the court affirm the MSPP's decision. Thank you, Ms. Gruber. Mr. Smith has a couple of minutes of rebuttal time. First, to address the time frame at which a promotion takes to be processed, I would submit that Mr. Hayden's recent promotion took four to six weeks from the time it was initially proposed. I would also like to point out the fact that there were a lack of fact findings with regards to whether Mr. Hayden would have received a promotion is not a coincidence. It's because the MSPP failed to apply the correct legal standard. They required Mr. Hayden to show that he was entitled to the promotion rather than asking the Air Force to prove that he would not have received that promotion. Therefore, many of the facts that your honors have pointed out are lacking the record is more than just a mere coincidence. So it's your position that even though the board used the language and said that it understood what the burden of proof was and explained what the standards were and then seems to have used the language suggesting that there's a burden of proof, that nonetheless when they actually applied it, Mr. Hayden really had the burden of proof? Yes, your honor, and that's precisely the situation in DECWAR. This court, excuse me, the MSPP reversed initial determination that was affirmed by this court because although they recited the proper standard and informed the party regarding the proper standards, they imposed an additional requirement to show that the veteran showed he was entitled to the position and that was reversed. Further, to the extent that your opposing counsel addresses Rule 19 today, that was not addressed in their briefs, although it was included as a relevant item. In the relevant portion of Table 2.1, I would argue that any such arguments be waived. But we can read the rule. The rule itself does talk about the fact that there was an improper classification. Actually, that isn't a note. It's actually directed to the fact that there is no increase in duties and Mr. Hayden was already performing GS-12 duties as detailed in the position upgrade request. So therefore, I would argue that Rule 19 is the applicable rule. Also, Rule 20 also provides for non-competitive promotions in the event that there are not similarly situated personnel. There was no such factual finding made by the MSPB in this case. Finally, with regards to the generally granted benefit, there is record evidence, I believe that was cited by your honors, that only 10 out of hundreds of position upgrade requests had been rejected. 10 of hundreds, so we're talking above 95%. That seems reasonably certain. I thank you and my client thanks you for your time. Do you have any thoughts on the government's argument about Mr. Hayden having to compete and that there were two GS-12 eligible employees who he had to compete with? One of the GS-12 employees had been employed in a GS-12 position, so there is one. To the extent that that person had mandatory placement priority, there was no such argument made. And should be considered, though they shouldn't under the proper rule. To the extent you credit that argument of the government, there still should have been a competition that takes place. There is no showing that Mr. Hayden would not have been considered for this position, despite there being someone in surplus. Further, Mr. Hayden, as detailed in my previous argument, had an exemplary record and would have ended. Also, at the time the position upgrade request was submitted, that was of the supervisor, presumably, who was evaluating all the positions. She chose Mr. Hayden because he was already performing GS-12 duties. I think that her judgment, she was in the absolute best position to make that recommendation and she did so. Thank you, Mr. Smith. We'll take the case under review.